883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ibizugbe Meg EDWARDS, Defendant-Appellant.
 No. 88-4190.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In an upward departure from the sentencing guidelines, Ibizugbe Meg Edwards was sentenced to a 13-month term of imprisonment for producing a false identification document. Having concluded that the departure was unwarranted, we shall remand the case for resentencing.
 
 
 2
 * * *
 
 
 3
 * * *
 
 
 4
 Mrs. Edwards is a Nigerian citizen who came to the United States in 1985. She moved to Ohio from Texas in March of 1988, and obtained an Ohio driver's license under the name of Lisa J. Brown. Mrs. Edwards gave a false social security number in obtaining the license.
 
 
 5
 In July of 1988 Mrs. Edwards used the "Lisa J. Brown" driver's license as identification in opening a checking account at Bank One in Columbus, Ohio. A few days later she deposited a check for $3,122.68 in the account. The check was drawn by Preferred Risk Insurance Company in favor of one Edwin James, whose endorsement appeared on the back of the check.
 
 
 6
 Ms. Edwards was arrested by a special agent of the United States Secret Service in August of 1988 while trying to make a withdrawal from the Bank One account. A grand jury returned a three-count indictment. Two of the counts pertained to Mrs. Edwards' production of a false identification document and a false social security number in opening the bank account. The third count charged Mrs. Edwards with using a false social security number in attempting to open an account at Buckeye Federal Savings and Loan Association. Pursuant to a plea agreement, the government dropped two of the charges against Mrs. Edwards in exchange for her plea of guilty to the charge that she had violated 18 U.S.C. Sec. 1028 by using false identification in opening the Bank One account.
 
 
 7
 The crime in question has a base offense level of six. Sentencing Guideline Sec. 2F1.1. Because the offense was perceived to involve fraud or deceit and a dollar amount more than $2,000 but not more than $5,000, the offense level was increased by one. Id. at Sec. 2F1.1(b)(1)(B). The level was raised three more points, in accordance with Sec. 2F1.1(b)(2), because the fraud involved "more than minimal planning." Finally, Mrs. Edwards received a two-point reduction, producing a final offense level of eight, because she "demonstrate[d] a recognition and affirmative acceptance of personal responsibility for the offense of conviction." Id. at Sec. 3E1.1(a).
 
 
 8
 Mrs. Edwards had no prior convictions and was therefore placed in Criminal History Category I. The guideline range in this category for an offense level of eight is imprisonment for not less than two or more than eight months. Sentencing Guidelines, Chapter 5, Part A.
 
 
 9
 Although the probation officer who prepared the report used in the sentencing was not able to identify any factors that might warrant a departure from the guideline range, the district court decided on a departure because, for one thing, the court was persuaded that "what was going on here was far more serious than simply obtaining a false identification in order to open a bank account to hide money from [her] husband," which was the defendant's explanation of her actions. The court concluded that
 
 
 10
 "this was really part of a much larger fraud scheme involving fraudulent insurance claims.... [T]he Court feels in this case, because of the far more serious pattern of activities reflected therein and what would appear to be the defendant's continued concealment of that pattern of activities, that the appropriate sentence in this case is 13 months incarceration."
 
 
 11
 The pre-sentence report said that according to an unnamed official in the Department of Health and Human Services, Nigerians are suspected of coming into this country, spending two to six weeks in Atlanta to learn how to engage in insurance fraud, and then dispersing to other parts of the country by way of Texas. Mrs. Edwards was a Nigerian who spent two weeks in Atlanta with an aunt before moving to Texas, and she was known to have handled three insurance company checks. The defendant admitted that she had purchased automobile insurance policies from three different companies, even though she owned only one vehicle, and she had yet another insurance application in her possession when she was arrested. The report also suggested that the defendant refused to provide information about other participants in the alleged insurance fraud scheme.
 
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 A sentencing court may depart from the guideline range only when it finds "an aggravating or mitigating circumstance ... that was not adequately taken into consideration by the Sentencing Commission...." 18 U.S.C. Sec. 3553(b).
 
 
 15
 With the exception of a few factors specified by the Commission (e.g., race, sex, national origin, creed, religion, socioeconomic status, drug dependence or alcohol abuse, and economic hardship), there is no limit to the kinds of factors that can constitute grounds for departure in an unusual case. Sentencing Guidelines, Chap. 1, Part A, Sec. 4(b). Although the Commission acknowledged the courts' freedom to depart from the guidelines, it expressed the view that they would not do so very often and that such cases would be "highly unusual." Id.
 
 
 16
 The district court evidently accepted the suspicions of HHS as true, and believed that Mrs. Edwards was a participant in an insurance fraud scheme involving more than $3,122.68. But Sentencing Guideline Sec. 2F1.1(b)(1), which applies here, already takes into account the amount of money involved. Indeed, the offense level was raised one notch because more than $2,000 was involved. If all of the insurance checks identified in the pre-sentence report had been considered to be relevant in determining the guideline range, the offense level would have been raised three points, rather than one, and the sentencing range would have been six to 12 months. An unproven suspicion that still more money was involved does not strike us as sufficient justification for exceeding even that range.
 
 
 17
 The district court apparently thought that the defendant's lack of cooperation in identifying other participants in the scheme was another reason for departing from the guideline range. During sentencing the court alluded to "the defendant's continued concealment" of a much larger fraud scheme, and the court asked about others who may have been involved. Sentencing Guideline Sec. 5K1.2 expressly provides, however, that "[a] defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating sentencing factor."
 
 
 18
 The sentence is VACATED, and the case is REMANDED for resentencing within the guideline range.